**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLER BARCHINI<br>1419 White Oak Road<br>Allentown, PA 18104 | NO. ___________________ |
| vs. | CIVIL ACTION |
| LINEAGE LOGISTICS LLC<br>7132 Ruppsville Road<br>Allentown, PA 18104 | JURY TRIAL DEMANDED |

**COMPLAINT**

Tyler Barchini (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Lineage Logistics LLC (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.) and Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-

[1] Plaintiff intends to amend the instant lawsuit to include claims under the PHRA once administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC"). Those claims will virtually mirror the ADA claims.

law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in Int’l Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a Delaware limited liability corporation registered to conduct business in the Commonwealth of Pennsylvania as a foreign limited liability company.

9. Defendant operates and manages a regional distribution center at the above-captioned address within the Eastern District of Pennsylvania.

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**ADMINISTRATIVE REMEDIES**

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. On or about November 2, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

13. Plaintiff has properly exhausted federal administrative remedies before initiating this action by timely dual-filing the charge, and by filing the instant lawsuit within ninety ("90") days of receiving a right-to-sue letter from the EEOC.

14. Plaintiff will amend this pleading in a manner consistent with Fed.R.Civ.P. 15 up to and including during trial to incorporate a claim under the PHRA at the end of the one-year statutory waiting period. 43 P.S. § 962(c).

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff is an adult make who was hired by the Defendant on or about October 3, 2022, as a forklift operator.

17. Plaintiff worked primarily out of the Defendant's regional distribution center at 7132 Ruppsville Road Allentown, PA 18104.

18. At all relevant times during his employment, Plaintiff was supervised by Travis Turner ("Turner").

19. Plaintiff was a very hard-working employee who performed his job well.

20. However, Plaintiff has a medical history relating to drug addiction, which is a recognized disability under the ADA.[2]

---

[2] *See e.g.* 42 U.S.C. § 12114(b)(2) (Nothing in subsection (a) shall be construed to exclude as a qualified individual with a disability an individual who….is participating in a supervised rehabilitation program and is no longer engaging in such use); Rodriguez v. Verizon Telecom, 2014 U.S. Dist. LEXIS 167833, at *9 (S.D.N.Y. Dec. 2, 2014) (finding a plaintiff adequately

21. To combat addiction, Plaintiff takes prescription medication—namely methadone.[3]

22. For several years, Plaintiff had been sober and at the time of his hire, disclosed his disability to Defendant.

23. Plaintiff also disclosed to Defendant that he 1.) took prescription medication to address his disability at the time of hire and 2.) that he had a daily medication routine.

24. As part of Plaintiff's daily medication routine, he was required to attend a clinic located a mere fifteen ("15") minutes from Defendant's facility.

25. At the clinic, Plaintiff would receive his medication. At times, however, the clinic would have long lines that prevented quick access.

26. On a few occasions, Plaintiff was late because of clinic lines, and he received a counseling from Defendant in or around Spring 2023.

27. In or around the Spring of 2023, Defendant also hired a new human resources representative ("HR Rep.").

28. Plaintiff informed the new HR Rep. 1.) of his medical condition/disability and 2.) his daily medication need and routine.

29. During agency proceedings, Defendant admitted to the PHRC that 1.) Plaintiff informed the HR Rep. of his treatment at the clinic and 2.) that he had asked if he could arrive late on certain dates.

---

pleaded a disability when he alleged a history of alcoholism and drug addiction); Lamberson v. Pennsylvania, 561 F. App'x 201, 206 n.11 (3d Cir. 2014) ("Drug addiction is included within the meaning of disability under both the ADA and the RA where the impairment is not due to the "current illegal use of drugs." 28 C.F.R. § 35.104(5)(iii).")

[3] Methadone is a perhaps well-known synthetic, long-term opioid agonist medication used in the management and treatment of opioid use disorder (OUD) and for analgesic purposes in chronic pain. *See e.g.* https://www.ncbi.nlm.nih.gov/books/NBK562216/ (accessed October 16, 2024).

30. Plaintiff also specifically informed the HR Rep. that he would occasionally be late at times because of lines at the clinic. This would have unquestionably been a reasonable accommodation for Defendant to grant under the ADA.

31. Plaintiff even offered to stay later to make up for time lost waiting at the clinic for his medication.

32. The HR Rep. told Plaintiff his proposal was fine if he provided a doctor's note.

33. On or about May 22, 2023, Plaintiff provided a letter from his medical provider which stated:

> *Tyler Barchini is a patient in the Allentown CTC. He began treatment May 10, 2022 and is under the care of Dr. Brannan. Tyler attends the clinic daily. Our hours of operation are M-5 [sic] 5:30a-11:30 A, Sat/Sun 6a-9am. There is a line to start the day daily, which prevents a quick in and out the door. Our location is 15 min. from the job site so there are occasions Tyler will be a little late due to the process here.*

34. In addition to the confirmation from the medical provider, Plaintiff verbally explained the nature of his health conditions to the new HR Rep.

35. Plaintiff disclosed 1.) that he had a past history of addiction, 2.) that he was sober and 3.) that he would only take Methadone as prescribed.

36. Plaintiff was led to believe his doctor's note was more than sufficient and that he would be accommodated for occasional tardiness due to the clinic process.

37. From May 22, 2023, Defendant recorded only four ("4") tardies on June 9, 16 and 23, 2023 and July 5, 2023.

38. Each tardy was less than two ("2") hours and the tardy for June 9, 2023, was marked as a "leave early".

39. As a consequence of each tardy, Plaintiff was unlawfully assessed "points" by Defendant, totaling 2.5 points between May 22, 2023 and his unlawful termination.

40. An employee who reached the “2 point” threshold was to receive a “counseling” and additional tardies would lead to more severe consequences. At the end of the spectrum, an employee who received 10 points would be subjected to termination under the Defendant’s policies.

41. Plaintiff received a total of 11 points between October 2, 2022, and his unlawful termination, but only two (“2”) of those points were logged for “unexcused absences”. The remaining points were generally for tardiness less than 2 hours that would have likely been attributable to Plaintiff’s clinic visits.

42. Upon information and belief, Plaintiff had PTO under company policies that would have been available for use as well.

43. On or about July 6, 2023, Plaintiff was brought into a meeting with the general manager and HR Director.

44. During this meeting, he was rudely and abruptly informed that Defendant would not be accepting any excuses for tardiness, regardless of medical necessity.

45. Plaintiff was told at the meeting on July 6, 2023 that he was being terminated.

46. Defendant admitted during agency proceedings that it terminated Plaintiff’s employment.

47. Defendant discriminated against Plaintiff’s disability, woefully failed in its required obligation to engage in the interactive process and retaliated against Plaintiff for engaging in unequivocal protected activity.

48. Additionally, Defendant's apparent "no fault" point system as applied to Plaintiff is a *per se* violation of the ADA. [4]

**COUNT I**
**<u>Violations of the ADA</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff suffers from qualifying health conditions under the ADAAA which affects his ability (at times) to perform some daily life activities (set forth *supra*).

51. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

52. Plaintiff requested reasonable accommodations from Defendant as outlined herein.

53. Defendant failed to accommodate Plaintiff's aforesaid requests, failed to engage in the interactive process required by the ADA and later terminated him. [5]

54. Plaintiff further believes and therefore avers that his disabilities and/or requests for accommodation have been a motivating/determinative factor in the termination of her employment with Defendant. The same constitutes unlawful retaliation as a matter of law.

55. Moreover, Defendant's attendance point system as applied to Plaintiff is a *per se* violation of the ADA.

---

[4] *See e.g.* <u>EEOC v. AutoZone, Inc.</u>, 2022 U.S. Dist. LEXIS 179912 (N.D. Ill. Sep. 30, 2022) (rejecting employer's argument that an attendance policy corresponded with an essential job function of regular attendance).

[5] *See e.g.* <u>P.G. v. Jefferson Cty.</u>, 2021 U.S. Dist. LEXIS 170593, at *12 (N.D.N.Y. Sep. 7, 2021) (finding in the context of a Title II ADA case that a refusal to guarantee access to methadone treatment likely violates the ADA).

56. Defendant's actions as aforesaid constitute violations of the ADA and Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Dated: October 25, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Tyler Barchini | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Lineage Logistics LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/25/2024 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BARCHINI, TYLER

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

LINEAGE LOGISTICS LLC

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 10/25/2024

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______